IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TUCKER KRUZE ST. CROIX,<br><br>Defendant. | Case No.  3:25-CR-00085-1<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

**INTRODUCTION**

The Defendant, Tucker Kruze St. Croix (hereinafter "Mr. St. Croix"), comes before the Court for a sentencing hearing set for November 17, 2025. Mr. St. Croix previously pleaded guilty to the Count One of the Superseding Indictment, Bank Larceny on August 4, 2025.  [Docket Numbers 26, 55].  Mr. St. Croix entered his plea of guilty to the Superseding Indictment in accordance with a Plea Agreement and Plea Agreement Supplement with the United States. [Doc. Nos.43-44].  In general, Mr. St. Croix was involved in the theft of U.S. currency from ATM machines located in banking institutions located in Cass and Traill Counties of North Dakota on or about January 7, 2025.

On August 26, 2025, Mr. St. Croix participated in a PSIR interview with pretrial services over the telephone from North Dakota State Penitentiary along with the undersigned via telephone as well.

**I.    SENTENCING GUIDELINE CALCULATIONS**

The base offense level that was agreed to in the plea agreement and reported in the PSIR for Mr. St. Croix is level 12.  PSIR, ¶ 14.  Mr. St. Croix received upward adjustments for more

1

than minimal planning as well as an upward adjustment for the monetary loss incurred due to the offense involving more than $5,000.00. PSIR, ¶¶ 15-16. Additionally, Mr. St. Croix demonstrated acceptance and timely notified authorities of his intention to enter a guilty plea, so he received the two-level downward adjustment for acceptance and timeliness.  PSIR, ¶ 22. This leads to a guideline offense level calculation of 13. PSIR ¶ 23.

Mr. St. Croix has a lengthy criminal history comprised of misdemeanor and Felony State Court convictions thus he has a total of forty-seven (47) criminal history points to be considered. PSIR, ¶¶ 27-62. These offenses appear to be comprised mostly of False Information to Law Enforcement, Drug Possession, and Theft crimes. Pursuant to the sentencing guidelines, Mr. St. Croix's criminal history points total of 47 place him into criminal history category VI.  Therefore, the PSIR having assessed Mr. St. Croix as having a total offense level of 13 along with criminal history category VI, resulting in a guideline imprisonment range of 33 months to 41 months. PSIR, ¶ 94.

## II.     18 U.S.C. § 3553(a) SENTENCING FACTORS

After calculating the Guidelines sentencing range, the Court must consider whether to impose a variance (if possible) pursuant to the sentencing factors identified in the Sentencing Reform Act, 18 U.S.C. § 3553(a).  Under United States v. Booker, 543 U.S. 220 (2005), the Guidelines are advisory and are no longer mandatory.  The Court should consider the 18 U.S.C. § 3553(a) factors to determine whether the facts support the sentence requested by a party, without presuming the guideline range is reasonable. Id. at 49-50.

The Court is required to determine a sentence that is sufficient, but not greater than necessary, to comply with the purposes of the Sentencing Reform Act.  In determining an appropriate sentence, the Court in this case must consider:  (1) the nature and circumstances of the

offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for - the applicable category of offense committed by the applicable category of defendant; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

### A. NATURE AND CIRCUMSTANCES OF THE OFFENSE

This Indictment involves Mr. St. Croix committing the offense of Bank Larceny, essentially ATM thefts from different banking locations. Following his arrest for this offense, he subsequently accepted responsibility when he pleaded guilty to the same conduct in North Dakota State Courts in Traill County, ND. There he pleaded guilty to Burglary and Theft related to the theft from an ATM at Dakota Heritage Bank in Galesburg, ND. This related behavior occurred on the same night as ATM thefts of this instant offense.

### B. HISTORY AND CHARACTERISTICS OF MR. ST. CROIX

Mr. St. Croix was born on September 9, 1992, in Minot, ND to Kirk and Carrie St. Croix. His parents subsequently divorced when he was about one year old and remarried a few years later. Mr. St. Croix had a difficulty upbringing. Both of his parents struggled with methamphetamine addiction and Mr. St. Croix witnessed numerous incidents of domestic violence in the home. Both parents were in and out of jail. The one seemingly positive influence in his life, his grandmother, would care for him during these times his parents were incarcerated.

Mr. St. Croix's parents divorced again when he was six years of age. Mr. St. Croix lived with his mother after the divorce. Despite the sole custody status, his mother continued to be in and out of jail. Mr. St. Croix seems to have a good outlook on his current relationship with his mother, whom he believes is sober. While he is not close with her, he does not hold any animosity

towards her and hopes he can strengthen that relationship in the future. Mr. St. Croix's father passed in 2024. They had a good relationship at the time of his death.

Mr. St. Croix has a lengthy history of substance abuse issues. When he was just 7 years old, Mr. St. Croix was introduced to marijuana by an older friend and used a few times as a child before becoming a daily user at the age of 13. At the age of 13, he also began regular consumption of alcohol to the point of intoxication with friends. Mr. St. Croix also tried other controlled substances that he used occasionally, such as ecstasy, mushrooms, and cocaine. He then began using Oxycodone when he was 18 years old. From 2012 until 2021 he had become a daily user. During this time, he also began using heroin and fentanyl. Methamphetamine also began a daily habit after being introduced by his brother, Gunnar. Mr. St. Croix is keenly aware of how his drug usage has negatively impacted his life.

After his incarceration in 2021, Mr. St. Croix obtained sobriety and has been successful in remaining sober from substances and alcohol. Mr. St. Croix completed the three-month treatment program during that period of incarceration at the James River Correctional Center. Mr. St. Croix knows that his support systems and sustaining employment assist in his sobriety and hopes to maintain connections with positive influences and begin a stable career. At the time of the instant offense, Mr. St. Croix was employed. He states he committed the instant offense out of a misguided feeling of loyalty to an unindicted coconspirator.

### C. NEED FOR SENTENCE AND SENTENCES AVAILABLE

Mr. St. Croix is indicted with one count of Bank Larceny. This charge does not allege a minimum mandatory term of imprisonment. The maximum term of imprisonment pursuant to 18 U.S.C. § 2113(a) is twenty years. PSIR, ¶ 93. The guideline sentencing range for Mr. St. Croix as determined by the PSIR with a total offense level of 13 and criminal history category VI is 33

months to 41 months. PSIR, ¶ 94.

Under 18 U.S.C. § 3583(b)(2) the Court may impose a term of supervised release up to three years. PSIR, ¶ 96. Mr. St. Croix respectfully requests the Court to not deny his federal benefits under 21 U.S.C. § 862 and USSG §5F1.6.

### III.     RELEASE STATUS AND SENTENCING CONSIDERATIONS

Mr. St. Croix was in state custody for the relevant conduct from Traill County North Dakota when he was indicted on April 3, 2025, with a single count indictment alleging Bank Larceny. [Doc. No. 1]. Mr. St. Croix appeared when he was taken into Federal Custody pursuant to a Writ of Habeas Corpus and appeared on May 21, 2025, and was ordered to be held in detention. [Doc. Nos. 20-28]. In addition to his time spend in custody on the underlying Indictment, Mr. St. Croix is currently serving an undischarged sentence of three years prison in the State of North Dakota. He was remained in custody at the North Dakota State Penitentiary since his appearance on May 21, 2025. This sentence is relevant conduct to the underlying offense and was committed the same evening in the same course of conduct as the instant offense. PSIR ¶ 61.

Mr. St. Croix asks that the Court consider this undischarged sentence when determining the appropriate sentence in this case. Prior to his arrest on the Indictment, Mr. St. Croix was sentenced to serve 3 years' incarceration in 49-2025-CR-00024. PSIR ¶ 61. This offense conduct was directly related to this indictment. The Court "shal"l adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the Court determines the Bureau of Prisons will not credit the sentence. USSG §5G1.3(b)(1).

First, the Court must determine whether the conduct for which an undischarged sentence is being served is indeed relevant conduct. When applying the standards for determining relevant conduct, it appears that the state and federal offenses for which Mr. St. Croix has, or will, receive

a sentence meet all of the criteria. USSG §1B1.3 (a)(1)-(3). All acts were committed by the defendant, jointly undertaken with others in the furtherance of criminal activity and occurred during the commission of the offense, were a part of the same course of conduct and scheme, and all harm occurring was the object of the acts committed. Id.

Accordingly, Mr. St. Croix requests the Court adjust the sentence for Mr. St. Croix with regard to the time he has already served in custody with regard to the relevant conduct conviction from the State of North Dakota. Mr. St. Croix began serving the sentence for the relevant conduct on January 7, 2025 and has continued until the date of sentencing, November 17, 2025. This would account for a reduction in sentence of 10 months.

Additionally, Mr. St. Croix requests the Court order that the order that any sentence imposed by this Court run CONCURRENTLY with his North Dakota State Sentence in 49-CR-2025-00024. The same standards to determine whether this conduct is Relevant Conduct under USSG §1B1.3 apply to determine whether the sentences should be run concurrently. Any sentence for the instant offense "shall be imposed to run concurrently to the remainder" of an undischarged sentence of imprisonment. USSG §5G1.3(b)(2).

Based on the foregoing factors as well as the other sentencing factors set forth in 18 U.S.C. § 3553(a) Mr. Redfox respectfully asks the Court to consider leniency when imposing his sentence.

## CONCLUSION

Based on the foregoing, Mr. St. Croix respectfully requests the Court to sentence him to a sentence a sentence that would serve the sentencing goals to reflect the seriousness of the offense, promote respect for the law, provide punishment for the offense, to deter other criminal conduct, protect the public from future crimes, and allow Mr. St. Croix to continue moving towards his goals of living a sober life and pursuing a productive, law abiding, life. Mr. St. Croix will make a

specific sentence recommendation at the Sentencing Hearing.

    Dated this 10th day of November, 2025.

                              Respectfully Submitted,

By:    */s/ Daniel E. Hopper*
      Daniel E. Hopper (ND# 06986)
      Attorney for Tucker St. Croix
      Aaland Law Office, LTD.
      415 11th Street South
      Fargo, North Dakota 58103
      (701) 232-7944
      dan@aalandlaw.com